## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

JOHN BRANGACCIO and
MARTIN DONATHAN, individually
and on behalf of all others similarly
situated,                                   CIVIL ACTION NO.   **2:21-cv-1256-MBS**

                        Plaintiffs,

        vs.

NEW AGE CONTRACTORS, LLC

                        Defendant.

## COLLECTIVE ACTION COMPLAINT

        Plaintiffs, John Brangaccio and Martin Donathan, individually and on behalf of all other

similarly situated current and former employees of Defendant, New Age Contractors, LLP, bring

this putative collective action and allege as follows:

## I.

## OVERVIEW

1.      Plaintiffs bring these claims under the Fair Labor Standards Act ("FLSA"), 29

U.S.C. § 201, *et seq.* to recover unpaid overtime compensation, liquidated damages, attorneys'

fees and costs pursuant to § 216(b) of the FLSA.  They bring these claims as a collective action on

behalf of themselves and all similarly situated employees of Defendant.

## II.

## THE PARTIES

**Plaintiffs**

2.      Plaintiff John Brangaccio is a citizen of the United States, domiciled in the Town of Moncks Corner, County of Berkeley, State of South Carolina, and was employed by Defendant in South Carolina as a technician who performed labor for the company.

3.      Plaintiff Martin Donathan is a citizen of the United States, domiciled in the City of Goose Creek, County of Berkeley, State of South Carolina, and was employed by Defendant in South Carolina as a technician who performed labor for the company.

4.      Plaintiffs' hours varied from week to week but they regularly worked more than forty (40) hours in a workweek.  Indeed, Plaintiffs were required to work a minimum of fifty (50) hours a week.

5.      Despite their overtime work, Plaintiffs were not properly compensated for all overtime hours worked in excess of forty (40) hours per workweek.

6.      Plaintiff Brangaccio's consent to sue is attached hereto as Exhibit A.

7.      Plaintiff Donathan's consent to sue is attached hereto as Exhibit B.

8.      Plaintiffs bring this action on behalf of themselves and all other similarly situated individuals pursuant to 29 U.S.C. § 216(b).  Plaintiffs and the similarly situated individuals were, or are, employed by Defendant as technicians, carpenters and laborers within the last three (3) years. As this case proceeds, it is likely that more individuals will join this action as opt-in plaintiffs.

9.      The precise size of the FLSA Collective and the identity of the putative Collective Members will be ascertainable from the business records of Defendant and its related and affiliated

entities.

**Defendant**

10.     Defendant New Age Contractors, LLP ("Defendant") is a South Carolina limited liability company with its principal place of business located at 1725A Signal Point Road, Charleston, South Carolina 29412.

11.     Defendant does various general construction, repairs and remodeling including but not limited to, crawl space repair, installing and maintaining sump pumps, mold removal, HVAC services, plumbing, gutter and downspout installation and repair, siding installation, window and door installation, remodeling, deck and patio installation and repair, fencing, and disaster restoration. (www.newagellp.com/about-us.html last visited April 23, 2021).

12.     Defendant is, and has been, an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. § 203(s)(1), and, upon information and belief, Defendant has had an annual gross volume of sales made or business done of not less than $500,000 at all relevant times.

13.     Plaintiffs, and all those similarly situated, were individual employees engaged in commerce or in the production of goods or services for commerce as required by 29 U.S.C. § 207.

14.     At all relevevant times, Defendant is, and has been, an "employer" of Plaintiffs and the similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 203(d).

### III.

### JURISDICTION

15.     This Court has subject matter jurisdiction under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.  Plaintiffs' claims arise under § 207(a) of the FLSA.  Additionally, this Court has personal

jurisdiction over Defendant, since Defendant conducts business in the District Court for South Carolina.

## IV.

## VENUE

16.     Venue is proper in this District under 28 U.S.C. § 1391(b)(1) as Defendant is domiciled within this District and under 28 U.S.C. § 1391(b)(2), as a substantial part of the events giving rise the claims occurred in this District.

## V.

## COLLECTIVE ACTION DEFINITION

17.     The class of similarly situated employees sought to be certified under 29 U.S.C. § 216(b) as a collective action is defined as:

> All current and former technicians, carpenters and laborers employed by New Age Contractors, LLC within the last three (3) years. ("FLSA Collective").

## VI.

## FACTS

18.     Defendant employed Plaintiffs and the FLSA Collective Members as technicians, carpenters and laborers who performed manual labor for Defendant including crawl space repair, sump pump installation and repair, mold removal, HVAC services, plumbing, gutter and downspout installation and repair, siding installation, window and door installation, remodeling, deck and patio installation and repair, fencing, and disaster restoration.

19.     Plaintiffs' hours varied from week to week, but Defendant suffered and permitted them to regularly work more than forty (40) hours in a workweek, including some weeks in which they worked up to and including sixty (60) hours in a workweek.

20.    Upon information and belief, Defendant suffered and permitted the members of the FLSA Collective to work more than forty (40) hours in a week, and members of the FLSA Collective worked more than forty (40) hours in certain workweeks.

21.    Neither Plaintiffs nor the members of the FLSA Collective were compensated in accordance with the FLSA because they were not paid proper overtime wages for all hours worked in excess of forty (40) hours in a workweek for all weeks worked.  Rather than paying them 1.5 times their regular rate of pay for all hours worked over forty (40) in a workweek, Defendant paid them a day rate.

22.    Although referred to as a salary, Defendant would deduct pay for hours or days missed during a pay period.

23.    Plaintiffs and the FLSA Collective Members were required to work Monday-Friday from 7:30 a.m. to 5:30 p.m., or as otherwise mandated, at least (50) hours of work in a workweek.

24.    Despite requiring at least fifty (50) hours, Defendant did not pay Plaintiffs and the FLSA Collective Members an overtime premium for hours worked over forty (40) in a workweek.

25.    For instance, during the pay period of November 2, 2019 to November 15, 2019, Plaintiff Brangaccio worked five (5) ten-hour days each work workweek, and was paid $1500.00, at a rate of $150.00 per day.  Plaintiff Brangaccio was not paid an overtime premium for the hours worked over forty (40) in a workweek.

26.    Likewise, during the pay period of December 28, 2019 to January 10, 2020, Plaintiff Donathan worked five (5) ten-hour days each work workweek, and was paid $1500.00, at a rate of $150.00 per day.  Plaintiff Donathan was not paid an overtime premium for the hours worked over forty (40) in a workweek.

27.     Plaintiffs are aware of other employees of Defendant who were subject to the same payroll practice.

## VII.

## COLLECTIVE ACTION ALLEGATIONS

28.     Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

29.     Pursuant to the FLSA, 29 U.S.C. § 207, employers are generally required to pay overtime compensation at an hourly rate of 1.5 times an employee's regular rate of pay for hours worked over forty (40) in a workweek.

30.     Plaintiffs file this action on behalf of themselves and all similarly situated individuals.

31.     While the precise job duties performed by the FLSA Collective Members might vary somewhat, these differences do not matter for the purpose of determining their entitlement to overtime.

32.     Nor do any differences in job duties matter for determining whether Defendant's policy of not paying the FLSA Collective Members overtime is legal.

33.     The members of the FLSA Collective are all entitled to overtime for all hours worked over forty (40) in a workweek consistent with the overtime requirements of the FLSA.

34.     Defendant improperly classified Plaintiffs and all FLSA Collective Members as FLSA exempt to deny overtime pay for all hours worked over forty (40) in a workweek

35.     Because Defendant uniformly failed to pay overtime, Plaintiffs and the FLSA Collective Members are similarly situated within the meaning of 29 U.S.C. § 216(b).

36.     During the prior three (3) years, Plaintiffs and the FLSA Collective Members have routinely worked in excess of forty (40) hours per workweek without receiving proper compensation for their overtime hours worked.

37.     Nearly all of the questions related to Plaintiffs and the FLSA Collective Members can be answered on a collective basis.

38.     Defendant's practice of misclassifying Plaintiffs and the FLSA Collective Members as exempt and not paying them overtime wages, are based on established companywide policies applicable to all FLSA Collective Members.

39.     Defendant's payroll and time-keeping records would permit accurate calculation of damages with respect to each member of the FLSA Collective.

40.     Absent a collective action, many members of the FLSA Collective likely will not obtain redress of their injuries and Defendant will retain the proceeds of its violations of the FLSA.

41.     Furthermore, individual litigation would be unduly burdensome to the judicial system.

42.     Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the FLSA Collective and provide for judicial consistency.

43.     Defendant knowingly, willfully, or in reckless disregard of the law, maintained an illegal practice of failing to pay Plaintiffs and the FLSA Collective Members proper overtime compensation for all hours worked over forty (40) in a workweek.

## VIII.

## VIOLATION OF THE FAIR LABOR STANDARDS ACT — OVERTIME WAGES

44.     Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

45.     The FLSA, 29 U.S.C. §207, requires employers to pay non-exempt employees 1.5 times the regular rate of pay for all hours worked over forty (40) hours per workweek.

46.     Defendant suffered and permitted Plaintiffs and the FLSA Collective Members to routinely work more than forty (40) hours in a workweek without proper overtime compensation as required by the FLSA, 29 U.S.C. § 201 *et seq.* and its implementing regulations.

47.     Defendant knew, or showed reckless disregard for the fact, that it failed to pay these individuals proper overtime compensation in violation of the FLSA.

48.     Defendant's failure to comply with the FLSA overtime protections caused Plaintiffs and the FLSA Collective Members to suffer loss of wages and interest thereon.

49.     Plaintiffs and the FLSA Collective Members are entitled to unpaid overtime, liquidated damages, attorneys' fees and costs under the FLSA.

## RELIEF SOUGHT

**WHEREFORE**, Plaintiffs pray for judgment against Defendant as follows:

1.     Permitting this case to proceed as a collective action under § 216(b) of the FLSA and ordering notice to the FLSA Collective Members at the earliest opportunity to ensure their claims are not lost to the FLSA statute of limitations;

2.     Judgment that Plaintiffs and those similarly situated are entitled to the overtime protections under the FLSA;

3.     Judgment against Defendant for violation of the overtime provisions of the FLSA;

4.     Judgment that Defendant's violations of the FLSA were willful;

5.      An award to Plaintiffs and those similarly situated in the amount of unpaid overtime wages and liquidated damages;

6.      An award of prejudgment interest (to the extent liquidated damages are not awarded);

7.      An award of reasonable attorneys' fees and costs;

8.      Leave to add additional plaintiffs and/or state law claims by motion, the filing of written consent forms, or any other method approved by the Court; and

9.      For such further relief as may be necessary and appropriate.

Dated:   April 28, 2021

Respectfully submitted:

BY: /s/ David J. Ventura
        David J. Ventura
        djventura@crumleyroberts.com
        CRUMLEY ROBERTS, LLP
        2400 Freeman Mill Road
        Greensboro, North Carolina 27406
        Telephone: (336) 333-9899
        Facsimile: (336) 333-9894

                -and-

        Philip Bohrer (to be admitted *pro hac vice*)
        phil@bohrerbrady.com
        Scott E. Brady (to be admitted *pro hac vice*)
        scott@bohrerbrady.com
        BOHRER BRADY, LLC
        8712 Jefferson Highway, Suite B
        Baton Rouge, Louisiana 70809
        Telephone: (225) 925-5297
        Facsimile: (225) 231-7000