UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| JOHN BRANGACCIO and MARTIN DONATHAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>NEW AGE CONTRACTORS, LLC,<br><br>Defendant. | ORDER APPROVING<br>SETTLEMENT AGREEMENT<br><br>Case No.: 2:21-cv-1256 |

1.  This matter is before the court on the Unopposed Motion to Approve Settlement, ECF No. 26, and the Revised Unopposed Motion to Approve Settlement, ECF No. 31. The attorneys for Plaintiffs and Defendant request approval of the Settlement Agreement reached between Plaintiffs and Defendant (jointly, "Parties").

2.  Plaintiffs John Brangaccio and Martin Donathan filed a complaint against Defendant New Age Contractors, LLC ("Defendant"), asserting claims under the Fair Labor Standards Act, ("FLSA"), 29 U.S.C. § 201, et. seq. Plaintiffs Chris Mather and Richard Britt filed notices of consent to join the lawsuit (collectively, with John Brangaccio and Martin Donathan, "Plaintiffs"). ECF Nos. 7, 25.

3.  This lawsuit has been pending before the court since April 28, 2021.

4.  The Parties have fully and finally resolved their disputes and memorialized these settlement terms in a Settlement Agreement and Release ("Agreement"), which they attached as Exhibit A to the Unopposed Motion to Approve Settlement. ECF No. 26-3. The Agreement

resolves the bona fide dispute among the Parties and Plaintiffs' claims arising out of the claim for overtime pay.

5. The settlement of FLSA claims outside the context of Department of Labor supervised settlements requires court approval. Courts generally approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 n.8 (11th Cir. 1982); *Clark v. Ecolab Inc.*, 2010 WL 1948198, at *7 (S.D.N.Y. May 11, 2010). "If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved." *Id.* (citing *Lynn's Food Stores, Inc.,* 679 F.2d at 1354).

6. On September 30, 2021, Plaintiffs' attorneys filed a supplemental brief in support of the Unopposed Motion to Approve Settlement addressing the factors set forth in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216 (4th Cir. 1978). ECF No. 28.

7. On October 14, 2021, the court held a hearing on the Unopposed Motion to Approve Settlement via video conference, at which time the undersigned queried Plaintiffs' counsel regarding *inter alia* the factual nature of the dispute and the terms of the settlement. ECF No. 29. The court also placed Plaintiffs under oath and queried them as to their comprehension of the claim they raised in the complaint and their satisfaction regarding the value and terms of the settlement.

8. On October 15, 2021, Plaintiffs submitted the Revised Unopposed Motion to Approve Settlement, ECF No. 31-3, and Revised Settlement Agreement ("Revised Agreement"), ECF No. 31-3, to clarify that Plaintiff Britt is bound by the terms and conditions stated therein.

9. For the reasons stated on the record and based on the evidence presented at the hearing, the court finds that the Revised Agreement represents a fair and reasonable settlement of this case.

10. Accordingly, the court hereby approves the settlement and grants the Revised Unopposed Motion to Approve Settlement, ECF No. 31. The court denies as moot the Unopposed Motion to Approve Settlement, ECF No. 26. The court shall retain jurisdiction of this action pending satisfaction of the obligations set forth in the Revised Agreement and the Parties' filing of a stipulation of dismissal.

**IT IS SO ORDERED.**

/s/Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

October 21, 2021
Charleston, South Carolina